UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>    Petitioner,<br><br>    v.<br><br>MATTHEW CATE,<br><br>    Respondent. | 1:09-cv-02054 OWW MJS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 14] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Andrew R. Woodrow, Esq., of the Office of the Attorney General for the State of California.

**I.  BACKGROUND**

Petitioner filed this petition on November 24, 2009, raising two claims. First, Petitioner asserts that in light of Valdivia v. Schwarzenegger, 548 F. Supp. 2d 852 (2008), he was denied due process when he was deprived of notice and other procedural safeguards at his parole revocation hearing.  Second, he claims that his due process rights were violated when he was denied the opportunity to present evidence and witnesses at his parole revocation hearing. (Pet. at 4, ECF No. 1.)

Petitioner has filed several habeas proceedings in this Court. He previously filed a habeas petition challenging a prior parole revocation hearing. See Walker v. Gurbino, 2010 U.S. Dist. LEXIS 10254 (E.D. Cal., Feb. 5, 2010)[1].

From review of Petitioner's prior proceedings, the Court can and does determine that Petitioner originally was convicted in the Fresno County Superior Court in 2004 of: (1) corporal injury to a co-habitant (Cal. Pen. Code § 273.5(a)); false imprisonment by violence (Pen. Code § 236); (3) dissuading a witness by force or threat (Pen. Code § 136.1(c)(1)); (4) resisting or obstructing a police officer (Pen. Code § 148(a)(1)); (5) vandalism (Pen. Code § 594(a)); and (6) false imprisonment by violence (Pen. Code § 236). Petitioner was sentenced to a term of three years and eight months.

Petitioner was originally paroled on November 26, 2006. (Mot. to Dismiss, ex. 1, p. 1, ECF No. 14.) Two months later, Petitioner violated his parole and was re-incarcerated until mid-December 2007, when he was again released on parole. (Id.) Three weeks later, on January 4, 2008, Petitioner's parole was revoked and he was incarcerated on February 5, 2008. (Id.) On May 26, 2008, Petitioner was again released on parole for less than a month before his parole was revoked on June 17, 2008. (Id.) On August 18, 2009, Petitioner was released on parole for two weeks before being arrested and his parole being revoked on August 31, 2009. (Id.) Petitioner was subsequently released on parole on January 29, 2010. (Id.) Petitioner's August 31, 2009 parole revocation forms the basis of the present petition.

According to the parole revocation records included with the petition, on August 29, 2010, police were dispatched after the manager of an apartment complex called about a suspicious looking man, identified as Petitioner, in the complex. (Pet., ex. 10.) Petitioner had entered the apartment of a tenant the manager knew lived alone and did not have visitors. (Id.) Petitioner would not open the door to the apartment at the police officers' requests; after the manager opened the apartment, Petitioner refused to comply with the officers' instructions and

---

[1] This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244 (9th Cir.1992). Accordingly, this Court takes judicial notice of the above-referenced decision.

1  had to be taken into custody forcibly. (Id.) On August 31, 2008, the Board of Parole Hearings
2  ("the Board") revoked his parole, and Petitioner was re-incarcerated. (Id.)
3  　　　　As mentioned, the petition was filed on November 12, 2009. On August 31, 2010,
4  Respondent filed the instant Motion to Dismiss the petition, contending that Petitioner's claims
5  were not fully exhausted and that the petition is moot because Petitioner has since been
6  released on parole. (Mot. to Dismiss.) On September 21, 2010, Petitioner filed a Traverse to
7  the Motion to Dismiss, contending that he had exhausted all issues and that because he was
8  still in Respondent's custody, albeit on parole, the claims are not moot. (Traverse, ECF No.
9  15.)

10 **II.    DISCUSSION**
11 　　　　**A.    Procedural Grounds for Motion to Dismiss**
12 　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
13 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is
14 not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254
15 Cases.
16 　　　　The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an
17 answer if the motion attacks the pleadings for failing to exhaust state remedies or being in
18 violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th
19 Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state
20 remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural
21 grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.
22 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss
23 after the court orders a response, and the Court should use Rule 4 standards to review the
24 motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.
25 　　　　Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section
26 2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus either on
27 its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an
28 answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 U.S. Dist.

LEXIS 72056, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.     Discussion**

    1.     The Petition Is Moot

Throughout litigation, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer v. Kemna, 523 U.S. 1, 7 (1998). "Once the convict's sentence expires, however, some concrete and continuing injury other than the now-ended incarceration or parole - some 'collateral consequence' of the conviction - must exist if the suit is to be maintained and not considered moot." Id. Courts may presume that a criminal conviction has continuing collateral consequences. See Spencer, 523 U.S. at 8-12 (noting that the Supreme Court has been willing to accept hypothetical collateral consequences for criminal convictions); Evitts v. Lucey, 469 U.S. 387, 391 n. 4 (1985) (accepting as a collateral consequence the possibility that a conviction may be used in future criminal proceeding to enhance sentence). This presumption, however, does not extend to other contexts. See Spencer, 523 U.S. at 12-13; Lane v. Williams, 455 U.S. 624, 632-633 (1982). In particular, where, as here, a petitioner seeks to challenge the revocation of his parole, he or she must demonstrate that continuing collateral consequences exist if the underlying sentence has expired or if the term imposed for violating parole has been served. See Spencer, 523 U.S. at 14-18; Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987) (concluding that habeas petitions were moot because petitioners cannot be released from term imposed for violating parole that they were

already served); cf. Wilson v. Terhune, 319 F.3d 477, 481 (9th Cir. 2003) (holding that the presumption of collateral consequences does not extend to prison disciplinary proceedings). Claims that a parole revocation might be used in the future to render Petitioner ineligible for parole, increase his sentence, impeach his testimony, or prove his liability or guilt do not constitute sufficient proof of collateral consequences. See Spencer, 523 U.S. at 14-16.

Petitioner's challenge to his August 29, 2009 parole revocation is moot. At the time of the filing of the petition, Petitioner was in Respondent's custody for a parole violation. However, Petitioner was again released on parole, he again re-offended and his parole was again revoked. Thus, although Petitioner remains in the constructive custody of Respondent in his capacity as a parolee, Petitioner is not currently "in custody" for the parole violation and disciplinary finding which form the basis of this habeas corpus proceeding.[2]

The alleged unlawful action about which Petitioner complains is no longer the cause of his imprisonment. See Burnett v. Lampert, 432 F.3d 996, 999-1001 (9th Cir. 2005) (finding petitioner's claim that his parole date had been unlawfully delayed was rendered moot by petitioner's release on parole (despite his subsequent re-incarceration) because the "actual injury traceable to the [state] for which [petitioner] seeks relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus"). Further, while Petitioner theoretically might be able to allege collateral consequences resulting from the parole revocation sufficient to save his claims from being moot, he has not done so. See Spencer, 523 U.S. at 14-15.[3]

### III. CONCLUSION

As no presumption exists that collateral consequences occur from a parole revocation hearing and Petitioner has not provided evidence of any collateral consequences, the Court recommends that the Motion to Dismiss be granted and the petition be denied as moot.

---

[2] According to Petitioner, his controlling parole discharge date is November 26, 2010. (Traverse at 2.) As such, Petitioner may no longer be in the custody of Respondent, and other grounds to consider the Petition moot may exist.

[3] In light of the Court's recommendation that the petition be dismissed as moot, the Court need not address Respondent's alternative ground for dismissal based on Petitioner's failure to exhaust his claims in state court.

## IV. RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Motion to Dismiss be GRANTED and the habeas corpus petition be DISMISSED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 13, 2011            /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE